UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COMCAST OF MASSACHUSETTS I, INC.,
Plaintiff

v.

ANDREW DOUCETTE,
Defendant

CIVIL ACTION
NO. 03-11779-REK

**Memorandum and Order**
May 18, 2005

## I. Pending Matters

Pending for decision are matters related to the following filings:

(1) Plaintiff's Motion to Amend Motion for Default Judgment (Docket No. 11), Memorandum in Support of Plaintiff's Motion to Amend Motion for Default Judgment (Docket No. 12), Plaintiff's Amended Motion for Default Judgment (Docket No. 13), Memorandum of Law in Support of Plaintiff's Amended Motion for Default Judgment (Docket No. 14), Exhibit A to Jurczak Affidavit (Docket No. 15) (all filed February 16, 2005).

## II. Background

Plaintiff Comcast of Massachusetts I, Inc., filed the complaint in this action on September 15, 2003. On December 17, 2003, plaintiff requested notice of default. (Docket No. 6) After entry of default by the Clerk, plaintiff moved for default judgment. (Docket No. 7) (filed April 14, 2004) This court allowed that motion on January 26, 2005, and scheduled a hearing on damages for February 24, 2005. The plaintiff then submitted a motion to amend its

motion for default judgment, requesting damages that were not requested in its original motion for default judgment. (Docket Nos. 11, 12, 13, 14) (all filed February 16, 2005) The plaintiff also submitted an affidavit from one of its employees on the subject of damages. (Docket Nos. 13, 15) (both filed February 16, 2005)

Before the hearing, I issued an order relating to a possible change in the defendant's address. (Docket No. 16) I rescheduled the damages hearing to March 30, 2005. At the hearing on that date, I concluded that it was appropriate to vacate my earlier order allowing the plaintiff's motion for default judgment. (Docket No. 18) I then ordered the plaintiff to mail copies of the pending motions to a second address that might have been the defendant's residence. (Id.) I also ordered the Clerk to mail copies of the notice of entry of default to this second address. (Id.) These copies were returned as undeliverable, and the defendant has not responded in any fashion.

## III. Analysis

I conclude that it is appropriate for me to allow the plaintiff's motion to amend the motion for default judgment as unopposed.

In Comcast of Massachusetts I, Inc. v. Naranjo, I was faced with a similar motion for default judgment for an action under this statute. Id., 303 F. Supp. 2d 43 (D. Mass. 2004). I conclude that in this case, as in Naranjo, I should also allow the motion for default judgment and proceed to calculate damages in the same manner.

In that opinion, I described how to determine statutory damages: "I conclude that I should award as statutory damages no more than as reasonable an estimate of actual damages as

the facts here allow." Id. at 49. In that case, I based my estimate of actual damages upon the charges associated with a reasonable estimate of viewing by an unauthorized interceptor: enhanced services, 10 pay-per-view movies per month, and 4 premium pay-per-view movies per month. Id.

As I noted in the hearing on March 30, 2005, the employee's affidavit would be sufficient to establish damages if the defendant did not respond. Based upon this affidavit, I find the following facts:

(1) The defendant began intercepting cable signals in January 1999.

(2) The defendant stopped intercepting cable signals in September 2000.

(3) The duration of the defendant's unauthorized interception was 21 months.

(4) The defendant paid an average of $38.00 per month for cable service during those 21 months.

(5) The average monthly charge for the premium channels to which the defendant gained access through his unauthorized interception was $68.00.

(6) The average cost for pay-per-view movie offerings during the 21-month period was $3.95 per movie.

(7) The average cost for pay-per-view premium movie offerings during the 21-month period was $8.95 per movie.

Based on the costs in my findings of fact, I conclude that $105.30 per month is a reasonable estimate of damages. I arrive at this number in the following way. I subtract the $38 the defendant did pay from the $68 charge for enhanced services. I then add my estimate of 10 movies per month at $3.95 per movie, or $39.50. Finally, I add my estimate of 4 premium movies

per month at $8.95 per movie, or $35.80. The per-month damages totals $105.30. For the entire 21 month period, estimated actual damages totals $2,211.30.

The plaintiff has also requested enhanced damages under the statute. The plaintiff relies upon a recent decision by Judge Saylor in this district, Charter Communications Entertainment I, LLC v. Burdulis, — F. Supp. 2d —, 2005 WL 984223 (D. Mass. 2004). Judge Saylor noted varying approaches within the circuit on the question of enhanced damages under the statute and decided that "[t]o maintain some semblance of consistency with the case law in this circuit, the Court will adopt the position that a $1,000 enhanced damages penalty is the presumptively correct amount for single violations by individual subscribers." Id. at *14. I find Judge Saylor's approach persuasive and conclude that an enhanced penalty of $1,000 is warranted in this case. This enhancement increases the amount of statutory damages to $3,211.30.

Section 553(c)(2)(C) authorizes this court to "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Id. Plaintiff's counsel avers that the plaintiff is entitled to $199.96 in costs, comprising the $150 filing fee and $49.96 sheriff's service fee. I credit these assertions and award the plaintiff $199.96 in costs. Plaintiff's counsel has also submitted an affidavit itemizing the hours that he and a paralegal expended upon this case. I find that the 6.0 hours of attorney time and 5.3 hours of paralegal time are a reasonable expended number of hours. I also find that the hourly rates of $200 for attorney time and $90 for paralegal time are reasonable hourly rates. I award to plaintiff $1,677 in reasonable attorneys' fees.

Accordingly, the court finds that the plaintiff is entitled to judgment.

**ORDER**

For the foregoing reasons, it is ORDERED

(1) Plaintiff's Motion to Amend Motion for Default Judgment (Docket No. 11) is ALLOWED.

(2) Plaintiff's Amended Motion for Default Judgment (Docket No. 13) is ALLOWED.

(3) The Clerk is ORDERED to enter forthwith on a separate document a final judgment as follows:

> For the reasons stated in the Memorandum and Order of this date, it is ORDERED:
>
> (1) Judgment for plaintiff.
>
> (2) Plaintiff is awarded $3,211.30 in statutory damages, pursuant to 47 U.S.C. §§ 553(c)(3)(A)(ii), (c)(3)(B).
>
> (3) Plaintiff is awarded $199.96 in costs, pursuant to 47 U.S.C. § 553(c)(2)(C).
>
> (4) Plaintiff is awarded $1,677 in reasonable attorneys' fees, pursuant to 47 U.S.C. § 553(c)(2)(C).
>
> (5) Defendant Andrew Doucette is hereby permanently enjoined from the further modification and/or use of electronic equipment designed for the unauthorized interception of signal in violation of provisions of Title 47.
>
> (6) Plaintiff shall receive post-judgment interest on the monetary awards pursuant to 28 U.S.C. § 1961(a), at the federal judgment rate applicable on the date of this judgment (3.35%).

/s/Robert E. Keeton

Robert E. Keeton
Senior United States District Judge